THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS TOOL WORKS INC., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | No. 20 C 5416 |
| ) | |
| TERMAX LLC and LISI AUTOMOTIVE ) | Judge Virginia M. Kendall |
| SA, ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Illinois Tool Works, Inc. ("ITW") brings this patent infringement suit against Defendants Termax, LLC and LISI Automotive SA, concerning plastic automobile fasteners. Before the Court are Defendants' Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6). For the foregoing reasons, Termax's motion [28] is denied in part and granted in part and LISI's motion [30] is granted.

**BACKGROUND**

The following factual allegations are taken from Plaintiff's First Amended Complaint ("FAC") and are assumed true for the purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). ITW manufactures specialized industrial equipment, including push-in type W-base retainers or fasteners used in connection assemblies to secure components of automobiles. (Dkt. 11 at ¶¶ 9, 11). To be most effective, the gap between the two components secured by the fastener must be minimized. (*Id*. at ¶ 12). ITW developed a push-in type fastener with a functional sealing feature that maintains zero-gap conditions and obtained several patents on this invention, two of which are relevant to the present dispute. (*Id*. at

1

¶ 14). First, on June 16, 2020, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 10,683,882 ("the '882 Patent") entitled "Push Through Retainer Connection With Integrated Hinging Seal" to ITW. (*Id*. at ¶ 15). The '882 Patent was filed as a continuation of Provisional Application No. 61/739,604 ("Provisional Application '604"). (*Id*. at ¶ 17, Ex. 1 at 1). On October 6, 2020, ITW obtained U.S. Design Patent No. D897,826 ("the 'D826 Patent") entitled "Fastener." (*Id*. at ¶ 18).

ITW claims Termax and LISI "make, use, offer to sell, sell, export, and/or import their own push-through connection assembly fasteners," called "Plastic Bird Beak Sealing Fasteners" in violation of the '882 and 'D826 Patents. (*Id*. at ¶¶ 22-23). Termax advertises the Bird Beak Fasteners on its website and in its catalog. (*Id*. at ¶¶ 25-28). LISI also advertises these fasteners in its website catalog, which identifies the Bird Beak fasteners as Termax products. (*Id*. at ¶ 29, Ex. 5 at 22). Termax is a United States-based affiliate of LISI, a French automotive company. (*Id*. at ¶¶ 2-3, Ex. 4 at 4).

ITW provided Termax with notice of the '882 Patent on June 19, 2020 and alleges LISI also had notice of the '882 Patent on this date because "Termax would have made [LISI] aware of ITW's notice letter … given that [LISI] offers for sale the same products." (*Id*. at ¶ 33). ITW claims Termax and LISI had knowledge of the 'D826 Patent on the day of its issuance, October 6, 2020. (*Id*. at ¶ 59). Despite such notice, Termax and LISI continue to make and sell Bird Beak Fasteners. (*Id*. at ¶¶ 54, 65).

ITW filed suit claiming Defendants infringed and continue to infringe the '882 and 'D826 Patents. In Count I, ITW alleges Defendants directly infringed the '882 Patent by manufacturing, using, offering to sell, selling, and/or importing Bird Beak Fasteners and indirectly infringed the Patent by inducing and contributing to infringement. (*Id*. at ¶¶ 34, 48). It further asserts the

Defendants' infringement was willful. (*Id*. at ¶ 53). Count II contains identical allegations of direct infringement with respect to the 'D826 Patent. (*Id*. at ¶ 63).

## LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim, the Court must construe the complaint "in a light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the non-moving party's favor." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff need not plead "detailed factual allegations," but the short and plain statement must "give the defendant fair notice of what … the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter that when "accepted as true … 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570)).

## DISCUSSION

I. **Termax's Motion to Dismiss**

A. Invalidity

Termax argues Count II must be dismissed because the 'D826 Patent is anticipated by, and thus invalidated by, admitted prior art in Provisional Application '604 [1]. *See* 35 U.S.C. § 102. While invalidity is an affirmative defense that ITW was not required to anticipate, dismissal is appropriate if ITW pleads itself out of court. *Id*. at § 282; *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821

---

[1] While Provisional Application '604 is not attached to the FAC, courts may generally take judicial notice of patent applications without converting a motion to dismiss into a motion for summary judgment. *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 932 n. 3 (Fed. Cir. 2014). The Court nonetheless declines to consider the contents of Provisional Application '604 because, as discussed below, its relevance to the 'D826 Patent is not apparent from the FAC.

F.3d 935, 939 (7th Cir. 2016). "However, because affirmative defenses frequently turn on facts not before the court at [the pleading] stage, dismissal is appropriate only when the factual allegations in the complaint unambiguously establish all the elements of the defense…." *Hyson*, 821 F.3d at 939 (internal quotations and citations omitted).

While Provisional Application '604 is listed as a related application to the '882 Patent (Dkt. 11 Ex.1 at 1), it is not listed as a related application to the 'D826 Patent. (Dkt. 11 Ex. 2 at 1). The relevance of the admitted prior art contained therein on the validity of the 'D826 Patent is thus subject to dispute and not readily apparent form the FAC. Even if the Court were to compare the prior art in Provisional Application '604 with the invention in the 'D826 Patent, further factual disputes arise, including what elements of the prior art invention ITW admitted rendered it prior art and whether the differences between the prior art and the 'D826 Patent device are the result of functional or ornamental considerations. Such factual inquiries are not meant to be resolved at the 12(b)(6) stage.

B. <u>Willful Infringement</u>

Termax also moves to dismiss the claims of willful infringement in Count II.[2] The Patent Act permits an award of enhanced statutory damages "in the case of willful or bad-faith infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1930 (2016). Willful infringement occurs when "the infringer knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right." *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994) (internal quotations and citation

---

[2] Count II does not explicitly claim Defendants willfully infringed the 'D826 Patent. Nonetheless, because the willful infringement allegations from Count I are incorporated into Count II (Dkt. 11 at ¶¶ 53, 57) and because the parties agree that Count II attempts to state a claim for willful infringement, the Court reads the FAC accordingly.

omitted); *WBIP, LLC v. Kohler Co.,* 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages.").

The FAC states Termax had knowledge of the 'D826 Patent since the day it was issued. (Dkt. 11 at ¶ 59). Termax argues this is insufficient to allege it had knowledge of the 'D826 Patent. While it is generally unreasonable to infer that a defendant has notice of a patent simply because it was issued by the USPTO, in the present case, ITW has alleged sufficient facts to permit such an inference in its favor. Termax and ITW are competitors operating in similar industries. Further, and more importantly, as the '882 and 'D826 Patents pertain to the same type of fastener, it is plausible that Termax knew of the 'D826 Patent because ITW provided it with written notice of the '882 Patent issued a few months earlier. (Dkt. 11 at ¶ 33). [3] Termax's motion to dismiss Count II is accordingly denied.

## II. LISI's Motion to Dismiss

### A. Direct Infringement

ITW alleges Defendants directly infringed the '882 and 'D826 Patents by "making, using, offering for sale, selling, and/or importing into the United States push through connection assembly fasteners." (Dkt. 11 at ¶¶ 34, 63). With respect to LISI, the FAC claims LISI "advertises the … [a]ccused [p]roducts for sale in its catalog[.]" (*Id*. at ¶ 29). To constitute an infringing offer for sale, the offer must contain "a description of the allegedly infringing merchandise and the price at which it can be purchased." *3D Sys., Inc. v. Aarotech Lab'ys, Inc.*, 160 F.3d 1373, 1379 (Fed.

---

[3] In response to Termax's motion to dismiss, ITW requests the Court permit it to file an early motion for summary judgment on the issue of infringement, which it argues will require minimal discovery and significantly narrow the issues going forward. (Dkt. 36 at 13). The Court declines to address ITW's request at this time as it is nonresponsive to Termax's motion. ITW may renew its request in light of the Court's decision on Defendants' motions to dismiss at a later time.

5

Cir. 1998). Because its website catalog does not contain pricing information, LISI argues the catalog is not an offer for sale on which ITW may premise its claims.

While LISI is correct that the website catalog is the only evidence ITW offers in support of its claims, the FAC does not allege that the catalog itself constitutes an offer for sale or that it is the sole basis on which ITW rests its claims. Rather, the catalog is best construed as circumstantial evidence of ITW's claims. At this stage, the Court must consider only whether the catalog makes it plausible that LISI makes, uses offers for sale, sells, and/or imports infringing Bird Beak fasteners. Generally, a catalog, even absent pricing information, would tend to support such a claim because its very purpose is to promote sales of products that one manufactures or uses. LISI's catalog, however, explicitly identifies the infringing products—the Bird Beak fasteners—as *Termax* products. (Dkt. 11 Ex. 5 at 19). This fact is inconsistent with ITW's claims that LISI, Termax's corporate parent, also makes and sells infringing fasteners. *See for example SIPCO, LLC v. Streetline, Inc.*, No. CV 16-830-RGA, 2018 WL 762335, at *1 (D. Del. Feb. 7, 2018). In this context, the catalog does little more than establish that LISI advertises the products of its corporate affiliate—not that it makes, uses, sells, offers to sell, or imports the products independent of Termax. ITW's direct infringement claims in Counts I and II against LISI are thus dismissed without prejudice. [4]

## B. Indirect & Willful Infringement

ITW claims Defendants indirectly infringed the '882 Patent by inducing and contributing to infringement by their customers. Particularly, ITW states "Defendants encourage infringement to customers at least by providing product support that instructs users on how to use the [infringing products], including through "Best Practice" documentation on Defendant Termax's website."

---

[4] The Court declines to address LISI's remaining arguments regarding why dismissal of the direct infringement claims is appropriate.

(Dkt. 11 at ¶ 50). Regarding contributory infringement, ITW states, "Defendants contribute to this infringement by offering to sell and/or selling within the United States the [infringing products]." (*Id*. at ¶ 52). As both claims are premised on the fact that LISI sells or offers to sell the infringing products to customers, ITW's claims of indirect infringement must be dismissed for the same reason its claims of direct infringement are dismissed. Similarly, the claims of willful infringement against LISI premised on its direct infringement of the patents must also dismissed.

## CONCLUSION

For the foregoing reasons, Termax's motion to dismiss [28] is denied and LISI Automotive SA's motion to dismiss [30] is granted. Counts I and II are dismissed without prejudice as to LISI but survive against Termax. ITW may amend the FAC consistent with this opinion within 21 days.

_____
Virginia M. Kendall
United States District Judge

Date: April 2, 2021