**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ILLINOIS TOOL WORKS INC.,<br><br>Plaintiff,<br><br>v.<br><br>TERMAX COMPANY,<br><br>Defendant. | Civil Action No. 1:20-cv-05416<br><br>The Honorable Virginia M. Kendall<br><br>**JURY TRIAL DEMANDED** |

<u>**DEFENDANT TERMAX COMPANY'S ANSWER, DEFENSES, AND
COUNTERCLAIMS TO THE FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT**</u>

Defendant, Termax Company ("Defendant" or "Termax") responds to the First Amended Complaint ("FAC") for Patent Infringement of Plaintiff Illinois Tool Works Inc. ("ITW" or "Plaintiff") as follows:

**THE PARTIES**

1.      Defendant at present is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and on that basis denies them.

2.      Termax admits that its principal place of business is located at 1155 Rose Road, Lake Zurich, Illinois 60047 and further states that it changed its name from "Termax LLC" to "Termax Company" and was incorporated in the State of Delaware in 2020.  With respect to any remaining allegations, denied.

3.      LISI Automotive SA has been dismissed from this action.  The allegations of the Paragraph are not directed to Termax and no response is required.

## JURISDICTION AND VENUE

4.      Admitted that this purports to be an action for patent infringement under the patent laws of the United States of America, 35 U.S.C. §1, et. seq., and denies that Plaintiff is entitled to any relief.

5.      Admitted.

6.      Admitted that this Court has personal jurisdiction over Termax but denied that Termax has infringed any valid or enforceable claims asserted by Plaintiff or that Plaintiff is otherwise entitled to any relief.

7.      LISI Automotive SA has been dismissed from this action.  The allegations of the Paragraph are not directed to Termax and no response is required.

8.      Admitted that venue is proper in this judicial district as to Defendant Termax. LISI Automotive SA has been dismissed from this action.  The remaining allegations of the Paragraph are not directed to Termax and no response is required.

## FACTUAL BACKGROUND

9.      Defendant at present is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, and on that basis denies them.

10.      Defendant at present is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and on that basis denies them.

*The Patents-in-Suit*

11.      Termax admits that the push-in type retainers described were in use and known more than one year before the filing of the provisional application to which the '882 Patent claims priority.

12.      Termax admits that push-in type retainers were known and used more than one year before the filing of the provisional application for the '882 Patent as a component of an

overall assembly and worked in conjunction with the other components. Termax admits that depending upon the application in which such fasteners were used by vehicle manufacturers, such manufactures had the goal in certain such applications of establishing and maintaining a "zero gap" condition between the sheet metal panel or other support element and the molding or other surface structure. Termax admits that such push-in retainers can provide a continuous downward pull which may assist in maintaining a "zero gap" condition, depending upon the other design choices made by the vehicle manufacturer. The allegations in this paragraph fail to provide sufficient information concerning the hypothetical "force acting in the opposite direction" or the details of the particular configuration of elements in such a hypothetical arrangement, and Termax is without sufficient information to admit or deny the categorical statements concerning the consequences of such forces made in this paragraph and demands strict proof thereof. Termax admits that a gap between the sheet metal panel or other support element and the molding or other surface structure can lead to undesired rattling noise as well as in the introduction of dirt and water between the molding or other surface structure and the underlying support structure. Termax otherwise denies the allegations of this paragraph.

13. Termax admits that push-in type retainers were in use and known more than one year before the filing of the provisional application for the '882 Patent, that incorporated concave skirts and/or seals to limit successfully squeaks and rattles and to inhibit the penetration of moisture past the retainer. The allegations in this paragraph fail to provide sufficient information concerning the hypothetical installation of a seal as a separate part, including the details of the particular configuration of elements in such a hypothetical arrangement, and Termax is without sufficient information to admit or deny the categorical statements concerning the degree of awkwardness, burden or complications thereof, and therefore demands proof thereof. Termax

admits that seals that are separable from push-in retainers can be dislodged and that the absence of a seal may go undetected under certain circumstances in an automotive assembly plant and be installed inadvertently. The allegations in this paragraph further fail to provide sufficient information concerning the hypothetical seal "held in place between a retainer head and a support panel," the configuration thereof or details of the application in which employed, or the purported nature and source of the alleged "stack up conditions," and Termax is without sufficient information to admit or deny the categorical statements concerning the purported effects of this unspecified "compressed seal," and therefore demands proof thereof. Termax otherwise denies the allegations of this paragraph.

14.     Defendant lacks sufficient knowledge or information with regard to the purported actions and motivations of ITW engineers alleged in Paragraph 14 to admit or deny them, and on that basis denies them. Termax denies further that it was necessary for ITW engineers to develop push-in type fasteners having a functional sealing feature that could maintain a "zero gap" condition, asserting that such push-in retainers were in use and known more than one year before the filing of the provisional application for the '882 Patent. Termax denies that ITW received patents on connection assemblies that were new, novel or innovative. Termax otherwise denies the allegations of this paragraph.

15.     Admitted that U.S. Patent No. 10,683,882 ("the '882 patent") states on its face that it (1) was issued on June 16, 2020, (2) is entitled "Push Through Retainer Connection With Integrated Hinging Seal," (3) purports to be owned by ITW and (4) a copy of the '882 patent is purportedly attached to ITW's complaint. Termax denies that the issuance of the '882 Patent was proper, legal, or due and asserts that the claims of that patent are invalid. Defendant at

present is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 15, and on that basis denies them.

16.     Admitted that the'882 patent purports to disclose and claim a connection assembly, including a press-in retainer with a seal, configured to join a surface element to an underlying support structure.  Termax denies the allegations of this Paragraph to the extent they are not supported by the language of the claims of that patent, as properly construed.

17.     Admitted that the '882 patent, on its face, purports to claim priority to a previous patent application that was filed on December 9, 2013, which purportedly issued as U.S. Patent No. 9,982,694, which in turn purports to claim priority to a provisional patent application filed on Dec. 19, 2012.  With respect to any remaining allegations in paragraph 17, denied.

18.     Admitted that U.S. Design Patent No. D897,826 ("the D'826 patent") states on its face that it (1) issued on October 6, 2020, (2) is entitled "Fastener," (3) purports to be owned by ITW, and (4) a copy of the D'826 patent is purportedly attached to ITW's complaint.  Termax denies that the issuance of the D'826 Patent was proper, legal, or due and asserts that the claims of that patent are invalid and unenforceable. Defendant at present is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 18, and on that basis denies them.

19.     Termax denies that the D'826 Patent discloses and claims a non-functional ornamental design for a fastener.  Admitted that the D'826 patent purports to claim a design as shown in Figures 1-4 of Exhibit 2 and described in its section captioned DESCRIPTION. Admitted that the Figures reproduced in Paragraph 19 of the FAC appear to be accurate reproductions of Figures 1-4 of the D'826 patent.  With respect to any remaining allegations in Paragraph 19, denied.

20.    Admitted that paragraph 20 accurately quotes the D'826 patent, with the exceptions that the quoted portion of the description uses the words "for the purpose" (not "for the purposes" or "for pthe purpose").

21.    Admitted that the D'826 patent purports to claim priority to the '882 patent, which in turn purports to claim priority to U.S. Patent No. 9,982,694.

*Defendants' Accused Product*

22.    Admitted that Termax makes, tests, offers to sell, sells and exports Plastic Bird Beak Sealing Fasteners bearing Part Nos. 71216, 71224, and 71225.  Termax denies that these parts infringe the '882 Patent and denies any remaining allegations in Paragraph 22, denied. With respect to any remaining allegations against LISI Automotive, LISI Automotive has been dismissed from this action and these allegations are not directed to Termax and no response is required.  Defendant denies any remaining allegations of this Paragraph.

23.    Denied.

24.    Defendant at present is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24, and on that basis denies them.

25.    Termax admits that that screen shot is taken from the alleged URL as of the alleged date.  Termax denies the remaining allegations of this Paragraph, including the characterization of the information provided in the screen shot.

26.    Admitted.

27.    Admitted that "Best Practice" and "Part Print" Information describing Plastic Bird Beak Sealing Fasteners bearing Part Nos. 71216, 71224, and 71225 are available on Termax's website, and that Exhibit 3 to the FAC includes accurate reproductions of these products from Termax's website.  With respect to any remaining allegations in Paragraph 27, denied.

28.     Admitted that Termax includes the Plastic Bird Beak Sealing Fasteners bearing Part Nos. 71216, 71224, and 71225 in catalogs, including a catalog available at https://www.termax.com/en/our- products, an accurate copy of which was attached as Exhibit 4 to the FAC, and that accurate reproductions of portions of certain pages of that catalog were provided in Paragraph 28 of the FAC.  Termax denies the remaining allegations of this Paragraph, including the characterization of the catalog available at the recited URL.

29.     With respect to these allegations against LISI Automotive, LISI Automotive has been dismissed from this action and these allegations are not directed to Termax and no response is required and, as confirmed by the United States Federal District Court for the Northern District of Illinois, Termax denies that LISI Automotive has offered the accused products for sale in the United States.

**COUNT I**
**INFRINGEMENT OF THE '882 PATENT**

30.     Termax incorporates each of its responses to Compl. ¶¶ 1-29 as though fully set forth herein.

31.     Defendant at present is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31, and on that basis denies them.

32.     Defendant at present is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32, and on that basis denies them.

33.     Admitted that Termax gained knowledge of the '882 Patent upon receipt of a letter dated June 19, 2020 from ITW's counsel.  Termax denies that it has infringed the '882 Patent and denies any remaining allegations of this Paragraph.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Admitted that Termax describes its products bearing Part Nos. 71216, 71224, and 71225 as Plastic Bird Beak Sealing Fasteners in its catalogs.  Termax denies that the accused products are "connection assemblies" or that such function is apparent from the figures.  To the extent Paragraph 37 uses, either expressly or impliedly, any language found in any asserted claims of the '882 Patent, Defendant incorporates the admissions and denials set forth in its LPR 2.3 Non-Infringement Contentions as if fully restated herein, including any amendments thereto. Termax denies (1) that it has infringed any valid or enforceable claims asserted by Plaintiff and (2) that Plaintiff is otherwise entitled to any relief.  Defendant denies any remaining allegations set forth in Paragraph 37.

38.     Termax admits that the accused products are press-in retainers, but denies that they include a clip portion as claimed in the '882 Patent.  Defendant at present is without knowledge or information sufficient to form a belief as to the truth of that assertion that the photograph is of a Termax part and therefore denies any allegations with respect thereto set forth in Paragraph 38.  To the extent Paragraph 38 uses, either expressly or impliedly, any language found in any asserted claims of the '882 Patent, Defendant incorporates the denials and admissions set forth in its LPR 2.3 Non-Infringement Contentions as if fully restated herein, including any amendments thereto.  Termax denies (1) that it has infringed any valid or enforceable claims asserted by Plaintiff and (2) that Plaintiff is otherwise entitled to any relief. Termax denies any remaining allegations of this Paragraph.

39.     Termax admits that the accused products are press-in retainers that include spaced platforms and a seal provided around one of the platforms.  Defendant at present is without knowledge or information sufficient to form a belief as to the truth of that assertion that the

photograph is of a Termax part and therefore denies any allegations with respect thereto set forth in Paragraph 39.  To the extent Paragraph 39 uses, either expressly or impliedly, any language found in any asserted claims of the '882 Patent, Defendant incorporates the denials and admissions set forth in its LPR 2.3 Non-Infringement Contentions as if fully restated herein, including any amendments thereto.  Termax denies (1) that it has infringed any valid or enforceable claims asserted by Plaintiff and (2) that Plaintiff is otherwise entitled to any relief. Termax denies any remaining allegations of this Paragraph.

40.     Termax admits that the accused products are press-in retainers that include a seal having a durometer lower than the durometer of the second platform.  Defendant at present is without knowledge or information sufficient to form a belief as to the truth of that assertion that the photograph is of a Termax part and therefore denies any allegations with respect thereto set forth in Paragraph 40.  To the extent Paragraph 40 uses, either expressly or impliedly, any language found in any asserted claims of the '882 Patent, Defendant incorporates the denials and admissions set forth in its LPR 2.3 Non-Infringement Contentions as if fully restated herein, including any amendments thereto.  Termax denies that it has infringed any valid or enforceable claims asserted by Plaintiff or that Plaintiff is otherwise entitled to any relief.  Termax denies any remaining allegations of this Paragraph.

41.     Termax admits that the accused products are press-in retainers that include an umbrella-shaped seal used in Termax products for well over a year before the filing date of the provisional application to which the '882 Patent claims priority.  Defendant at present is without knowledge or information sufficient to form a belief as to the truth of that assertion that the photograph is of a Termax part and therefore denies any allegations with respect thereto set forth in Paragraph 41.   To the extent Paragraph 41 uses, either expressly or impliedly, any language

found in any asserted claims of the '882 Patent, Defendant incorporates the denials and admissions set forth in its LPR 2.3 Non-Infringement Contentions as if fully restated herein, including any amendments thereto. Termax denies (1) that it has infringed any valid or enforceable claims asserted by Plaintiff and (2) that Plaintiff is otherwise entitled to any relief. Termax denies any remaining allegations of this Paragraph.

42. Termax admits that the accused products are press-in retainers that include an umbrella-shaped seal used in Termax products for well over a year before the filing date of the provisional application to which the '882 Patent claims priority. Defendant at present is without knowledge or information sufficient to form a belief as to the truth of that assertion that the photograph is of a Termax part and therefore denies any allegations with respect thereto set forth in Paragraph 42. To the extent Paragraph 42 uses, either expressly or impliedly, any language found in any asserted claims of the '882 Patent, Defendant incorporates the denials and admissions set forth in its LPR 2.3 Non-Infringement Contentions as if fully restated herein, including any amendments thereto. Termax denies (1) that it has infringed any valid or enforceable claims asserted by Plaintiff and (2) that Plaintiff is otherwise entitled to any relief. Termax denies any remaining allegations of this Paragraph.

43. Termax admits that the accused products are press-in retainers that include an umbrella-shaped seal used in Termax products for well over a year before the filing date of the provisional application to which the '882 Patent claims priority, and that, when under force, the umbrella-shape of the seal causes it to flex readily to a flattened position. Defendant at present is without knowledge or information sufficient to form a belief as to the truth of that assertion that the photograph is of a Termax part and therefore denies any allegations with respect thereto set forth in Paragraph 43. To the extent Paragraph 43 uses, either expressly or impliedly, any

language found in any asserted claims of the '882 Patent, Defendant incorporates the denials and admissions set forth in its LPR 2.3 Non-Infringement Contentions as if fully restated herein, including any amendments thereto. Termax denies (1) that it has infringed any valid or enforceable claims asserted by Plaintiff and (2) that Plaintiff is otherwise entitled to any relief. Termax denies any remaining allegations of this Paragraph.

44.     Defendant at present is without knowledge or information sufficient to form a belief as to the truth of that assertion that the photograph is of a Termax part and therefore denies any allegations with respect thereto set forth in Paragraph 44. To the extent Paragraph 44 uses, either expressly or impliedly, any language found in any asserted claims of the '882 Patent, Defendant incorporates the denials and admissions set forth in its LPR 2.3 Non-Infringement Contentions as if fully restated herein, including any amendments thereto. Termax denies (1) that it has infringed any valid or enforceable claims asserted by Plaintiff and (2) that Plaintiff is otherwise entitled to any relief. Termax denies any remaining allegations of this Paragraph.

45.     Defendant at present is without knowledge or information sufficient to form a belief as to the truth of that assertion that the photograph is of a Termax part and therefore denies any allegations with respect thereto set forth in Paragraph 45. To the extent Paragraph 45 uses, either expressly or impliedly, any language found in any asserted claims of the '882 Patent, Defendant incorporates the denials and admissions set forth in its LPR 2.3 Non-Infringement Contentions as if fully restated herein, including any amendments thereto. Termax denies (1) that it has infringed any valid or enforceable claims asserted by Plaintiff and (2) that Plaintiff is otherwise entitled to any relief. Termax denies any remaining allegations of this Paragraph.

46.     Defendant at present is without knowledge or information sufficient to form a belief as to the truth of that assertion that the photograph is of a Termax part and therefore denies

any allegations with respect thereto set forth in Paragraph 46. To the extent Paragraph 46 uses,
either expressly or impliedly, any language found in any asserted claims of the '882 Patent,
Defendant incorporates the denials and admissions set forth in its LPR 2.3 Non-Infringement
Contentions as if fully restated herein, including any amendments thereto. Termax denies (1)
that it has infringed any valid or enforceable claims asserted by Plaintiff and (2) that Plaintiff is
otherwise entitled to any relief. Termax denies any remaining allegations of this Paragraph.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Termax incorporates its response to Paragraph 33, above. LISI Automotive SA
has been dismissed from this action. The allegations of the Paragraph are not directed to Termax
and no response is required. Termax denies (1) that it or its customers have infringed any valid
or enforceable claims asserted by Plaintiff, (2) that it has encouraged infringement by anyone
through instructions on how to use the accused products or otherwise, and (3) that Plaintiff is
otherwise entitled to any relief. With respect to any remaining allegations, denied.

51.     Denied.

52.     Termax incorporates its response to Paragraph 33, above. LISI Automotive SA
has been dismissed from this action. The allegations of the Paragraph are not directed to Termax
and no response is required. Termax denies (1) that it or its customers have infringed any valid
or enforceable claims asserted by Plaintiff, (2) that it has encouraged infringement by anyone,
through instructions on how to use the accused products or otherwise, and (3) that Plaintiff is
otherwise entitled to any relief. With respect to any remaining allegations, denied.

53.     Termax incorporates its response to Paragraph 33, above.  LISI Automotive SA has been dismissed from this action.  The allegations of the Paragraph are not directed to Termax and no response is required.  Termax denies (1) that it has infringed any valid or enforceable claims asserted by Plaintiff, (2) that any alleged infringement has been willful, and (3) that Plaintiff is otherwise entitled to any relief.  With respect to any remaining allegations, denied.

54.     Denied.

55.     Denied.

56.     Denied.

## COUNT II
## INFRINGEMENT OF THE 'D826 DESIGN PATENT

57.     Termax incorporates each of its responses to Compl. ¶¶ 1-56 as though fully set forth herein.

58.     Defendant at present is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58, and on that basis denies them.

59.     Denied.

60.     Denied.

61.     Defendant at present is without knowledge or information sufficient to form a belief as to the truth of that assertion that the photograph is of a Termax part and therefore denies any allegations with respect thereto set forth in Paragraph 61.  Termax denies that it has infringed any valid or enforceable claims asserted by Plaintiff, and that Plaintiff is otherwise entitled to any relief.

62.     Denied.

63.     Denied.

64.     Denied.

13

65.     Denied.

66.     Denied.

## JURY DEMAND

67.     The allegations of the Paragraph are not directed to Termax and no response is required.

## RESPONSE TO PRAYER FOR RELIEF

Termax denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the '882 patent and/or D'826 patent. Termax further denies that ITW is entitled to any of the relief requested against Termax as set forth in the Prayer for Relief, or any other relief of any kind.

## AFFIRMATIVE DEFENSES

Termax alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, Termax specifically reserves all rights to allege additional defenses that become known through the course of discovery. For its affirmative defenses to the Complaint, Termax alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT)

Termax has not infringed and is not infringing, directly or indirectly, any valid and enforceable asserted claim of the asserted patents.

## SECOND AFFIRMATIVE DEFENSE
## (INVALIDITY)

One or more asserted claims of the asserted patents is invalid and/or unenforceable for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 and/or 171.

14

## FOURTH AFFIRMATIVE DEFENSE
### (WAIVER, LACHES AND ESTOPPEL)

ITW is barred from recovery, in whole or in part, by the doctrines of waiver, laches, or estoppel, including prosecution history estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (LIMITATIONS ON DAMAGES)

ITW may not recover some or all of the alleged damages, including but not limited to pre-suit damages, as a consequence of, among other things, the requirements of 35 U.S.C. §§ 286 and 287.

## RESERVATION OF DEFENSES

Termax reserves the right to assert additional defenses in the event that discovery or other analyses indicate that additional defenses are warranted.

WHEREFORE, Termax denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the asserted patent, and further denies that ITW is entitled to any judgment against Termax whatsoever. Termax asks that the Complaint be dismissed with prejudice, that judgment be entered for Termax, and that Termax be awarded its attorneys' fees and costs incurred in this action, together with such other relief the Court deems appropriate.

## JURY TRIAL DEMANDED

Termax respectfully requests a trial by jury on all issues so triable.

## COUNTERCLAIMS

Defendant Termax, for its Counterclaims against ITW, states as follows:

### JURISDICTION

1.     These Counterclaims arise under the United States patent laws and the declaratory judgment statute.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a), 1367, 1400, 2201 and 2202.

### FACTUAL BACKGROUND

2.     In its Complaint, ITW asserts that Termax has infringed and does infringe the '882 and D'826 patents, directly and/or indirectly.

3.     The '882 and D'826 patents are invalid, unenforceable and have not been and are not infringed by Termax, either directly or indirectly.

4.     Consequently, there is an actual case or controversy between the parties over the infringement, validity, and/or enforceability of the '882 and D'826 patents.

### COUNT I
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT ('882 Patent)

5.     Termax restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

6.     Termax has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '882 patent.

7.     Under 28 U.S.C. §§ 2201 and 2202, and Title 35 of the United States Code, Termax is entitled to a declaratory judgment that it has not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '882 Patent, whether directly, indirectly, literally, under the doctrine of equivalents, or willfully.

**COUNT II**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT (D'826 Patent)**

8.      Termax restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

9.      Termax has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the D'826 Patent.

10.     Under 28 U.S.C. §§ 2201 and 2202, and Title 35 of the United States Code, Termax is entitled to a declaratory judgment that it has not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the D'826 Patent, whether directly, indirectly, literally, under the doctrine of equivalents, or willfully.

**COUNT III**
**DECLARATORY JUDGMENT OF INVALIDITY ('882 Patent)**

11.     Termax restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

12.     The claims of the '882 Patent are invalid for failure to comply with the statutory requirements of one or more of the provisions in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

13.     Under 28 U.S.C. §§ 2201 and 2202, and Title 35 of the United States Code, Termax is entitled to a declaratory judgment that the asserted claims of the '882 Patent are invalid.

**COUNT IV**
**DECLARATORY JUDGMENT OF INVALIDITY (D'826 Patent)**

14.     Termax restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

15. The claim of the D'826 Patent is invalid for failure to comply with the statutory requirements of one or more of the provisions in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112 and/or 171.

16. Under 28 U.S.C. §§ 2201 and 2202, and Title 35 of the United States Code, Termax is entitled to a declaratory judgment that the asserted claim of the D'826 Patent is invalid.

### COUNT V
### DECLARATORY JUDGMENT OF UNENFORCEABILITY ('882 Patent)

17. Termax restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

18. The '882 Patent is unenforceable.

19. On February 6, 2019, a power of attorney (signed June 20, 2018 by Ernest W. Torain, Deputy General Counsel, Intellectual Property) was filed appointing Quarles & Brady LLP (Customer Number 26711) as attorneys for U.S. Patent Application 15/987,986.

20. Nicholas P. Schmidbauer of Quarles & Brady LLP served as the attorney for U.S. Patent Application 15/987,986 from that point forward, and did not file any information disclosure statements (IDS's) in U.S. Patent Application 15/987,986.

21. On April 27, 2020, Nicholas Schmidbauer filed U.S. Design Patent Application 29/732,671 (the "Design Application") as a Continuation of U.S. Patent Application 15/987,986 (which issued June 16, 2020 as the '882). The Design Application included a power of attorney signed by Chris Rauch, Chief Intellectual Property Counsel for ITW. Customer number 160504 designated in the power of attorney is associated with "QUARLES & BRADY LLP/ITW Automotive OEM" and included several ITW patent attorneys, namely Jay Saltzman, Erin Fox, Christopher Rauch, Maurice Finnegan, Jeffrey Walker, and Michal Gawlik.

22.     With the April 27, 2020 Design Application, Mr. Schmidbauer filed a Request for Expedited Examination of a Design Application under 37 CFR 1.155, which requires: (1) drawings in compliance with 37 CFR 1.84; (2) the applicant conduct a preexamination search; (3) and a request including (i) a fee under 37 CFR 1.17(k); and (ii) A statement that the preexamination search was conducted.  The statement also must indicate the field of the search and include an information disclosure statement in compliance with 37 CFR 1.98.

23.     The form used for the request for expedited examination includes a line to list related applications, on which application 15/987,986 was identified.

24.     On April 27, 2020,  Mr. Schmidbauer submitted an IDS in the prosecution of the Design Application.  Among other prior art documents, Mr. Schmidbauer listed U.S. Patent Publication 2005/0150087 A1 and 2010/0098515 A1.

25.     Despite being counsel of record in application 15/987,986, and despite the fact that application was still pending, Mr. Schmidbauer failed to advise the examiner in that application of either U.S. Patent Publication 2005/0150087 A1 or 2010/0098515 A1 (the "Uncited References").

26.     These Uncited References were material to the prosecution of application 15/987,986.  The applicant in application 15/987,986 had argued that the prior art failed "to disclose or suggest a connection assembly comprising a press-in retainer and a seal, … wherein the seal is configured to flex about a living hinge provided between a body portion and a sealing foot thereof[.]"  The withheld Uncited References were contrary to the positions taken by the applicant before the examiner.

27.     These Uncited References render the patented claims invalid and the failure to cite them to the examiner render the '882 patent unenforceable.

28.     Under 28 U.S.C. §§ 2201 and 2202, and Title 35 of the United States Code, Termax is entitled to a declaratory judgment that the '882 Patent is unenforceable.

29.     This is an exceptional case under 35 U.S.C. § 285 because ITW filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT VI
## DECLARATORY JUDGMENT OF UNENFORCEABILITY (D'826 Patent)

30.     Termax restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

31.     The D'826 Patent is unenforceable.

32.     U.S. Patent Application 11/891,700 (the "'700 Application"), entitled Fastener Assembly, was filed by Illinois Tool Works Inc. on August 13, 2007, naming as inventors Derek Scroggie, Robert Osterland, and Brett J. Jurily.  On March, 20, 2008, the '700 Application published March 20, 2008 as US 2008/0066266 A1, several drawing figures of which are reproduced below:



20

33.     Paul F. Donovan, on information and belief, is an in-house patent attorney for ITW who filed the '700 Application under Customer Number 27889, which designates Illinois Tool Works Inc., 3600 West Lake Avenue, Patent Department, Glenview, IL 60025, as the address of record with the US Patent & Trademark Office.

34.     Eventually, the '700 Application was abandoned for failure to reply to an office action dated November 4, 2010, rejecting all claims in the application.

35.     On August 29, 2007, a corresponding international patent application claiming priority to the '700 Application was filed as PCT/US2007/077064 (the "PCT'064 Application"), which published March 20, 2008 as WO 2008/033667 A1.

36.     Benjamin J. Hauptman, then of the firm Low Hauptman Ham & Berner, LLP, 1700 Diagonal Road, Suite 300, Alexandria, VA 22314, was the Agent (attorney) of record for the PCT'064 Application.

37.     U.S. Provisional Application 61/739,604 (the "P'604 Application"), entitled Push Through Fastener with Integral Seal, was filed December 19, 2012 by James Robertson, then of Maynard Cooper & Gale, PC (Birmingham, AL).

38.     The P'604 Application lists as inventors and applicants Derek Scroggie, Michelle Bozinovksi, and Robert Murawski.

39.     Several drawings of the P'604 Application included the wording "PRIOR ART," such as FIGS. 2 and 4, reproduced below:



Stack up creates build up movement outboard from sheet metal – resulting in gap

Compression style seal creating build stack up condition

124

122

124

*Prior Art*

FIG. 2



Sheet Metal

W-base with foam compression seal

Stack up creates build up movement outboard from sheet metal – resulting in gap

Gap Condition Molding to Sheet Metal Panel

Compression seal creates build stack up through the attached components which results in outboard movement of the molding and a Gap to sheet metal

Bottom View

*Prior ART*

FIG. 4

40. On December 9, 2013, PCT/US2013/073861 was filed by Agent (attorney) Benjamin J. Hauptman, then of Lowe, Hauptman & Ham, LLP, which claimed priority benefit to the P'604 Application, but did not include any figures corresponding to FIGS. 2 and 4 of the P'604 Application.

41. On June 17, 2015, U.S. Patent Application 14/652,819 (part of the chain of applications to which US design application 29/732,671, which issued as the D'826 Patent, claims priority) was filed as the U.S. national phase of PCT/US2013/073861, by attorney Benjamin J. Hauptman.

42. Mr. Hauptman filed an information disclosure statement (IDS) on June 17, 2015 with the US national phase application listing an international search report and written opinion from PCT/US2013/073861 and prior art references cited in the international search report.

43. Mr. Hauptman did not identify the fastener illustrated in FIGS. 2 and 4 of the P'604 Application—even though those figures were identified in the drawings as PRIOR ART— and also did not identify U.S. 2008/0066266 A1 or its PCT counterpart, WO 2008/033667 A1, despite having the same first inventor Derek Scroggie.

44. Having filed the PCT application corresponding to US 2008/0066266 A1, attorney Hauptman was aware of the fastener disclosed in that application, yet did not disclose it in the IDS filed on June 17, 2015, or at any other time during his involvement with the prosecution of US Patent Application 14/652,819.

45. Having been the lead-named inventor on US Patent Application 11/891,700, US Provisional Application No. 61/739,604, and US Patent Application 14/652,819, Derek Scroggie knew of the existence of his prior US Patent Application 11/891,700 and had a duty to disclose it

to the US Patent & Trademark Office during the examination of one or more of US Patent Application 14/652,819, US Patent Application 15/987,986, or 29/732,671.

46.     Mr. Scroggie has been listed as an inventor on at least 15 granted US patents (including the '882 Patent, the D'826 Patent, and U.S. Patent No. 9,982,694 (the "'694 Patent"), and based on having been named as an inventor on at least 8 patent applications prior to the filing of PCT/US2013/073861, should have been familiar with the duty to disclose prior art to the US Patent & Trademark Office.

47.     Mr. Scroggie acknowledged his awareness of the duty to disclose prior art in the declarations he signed in the many patent applications on which he was a named inventor, including the declarations he signed August 7, 2007 for the '700 Application and November 26, 2013 for PCT/US2013/073861 / 14/652,819.

48.     On February 2, 2018, ITW Deputy General Counsel Ernest W. Torain, Jr. executed a power of attorney authorizing Joseph M. Butscher of The Small Patent Law Group, LLC in St. Louis, MO to assume responsibilities for prosecution of US Patent Application 14/652,819.

49.     Customer number 151860 designated in the power of attorney included several ITW patent attorneys, namely Jay Saltzman, Erin Fox, Christopher Rauch, Maurice Finnegan, Jeffrey Walker, and Michal Gawlik.  Mr. Butscher did not file any information disclosure statements during the prosecution of US Patent Application 14/652,819.

50.     On May 24, 2018, attorney Butscher filed US Patent Application 15/987,986 as a Continuation of US Patent Application 14/652,819 (which issued May 29, 2018 as US Patent No. 9,982,694).

51.     Mr. Butscher filed an IDS May 24, 2018 listing prior art considered during prosecution of US Patent Application 14/652,819, but did not identify the fastener illustrated in FIGS. 2 and 4 of US Provisional Application 61/739,604, which figures were identified in the drawings as PRIOR ART, and did not identify US 2008/0066266 A1 or its PCT counterpart, WO 2008/033667 A1.

52.     On February 6, 2019, a power of attorney (signed June 20, 2018 by Ernest W. Torain, Deputy General Counsel, Intellectual Property) was filed appointing Quarles & Brady LLP (Customer Number 26711) as attorneys for US Patent Application 15/987,986.

53.     Nicholas P. Schmidbauer of Quarles & Brady LLP served as the attorney for US Patent Application 15/987,986 from that point forward, and did not file any IDS's in U.S. Patent Application 15/987,986.

54.     On April 27, 2020, Nicholas Schmidbauer filed U.S. Design Patent Application 29/732,671 as a Continuation of US Patent Application 15/987,986 (which issued June 16, 2020 as US Patent No. 10,683,882).

55.     The Design Application included a power of attorney signed by Chris Rauch, Chief Intellectual Property Counsel for ITW.

56.     Customer number 160504 designated in the power of attorney is associated with "QUARLES & BRADY LLP/ITW Automotive OEM" and included several ITW patent attorneys, namely Jay Saltzman, Erin Fox, Christopher Rauch, Maurice Finnegan, Jeffrey Walker, and Michal Gawlik.

57.     With the April 27, 2020 design patent application, Mr. Schmidbauer filed a Request for Expedited Examination of a Design Application under 37 CFR 1.155, which requires: (1) drawings in compliance with 37 CFR 1.84; (2) the applicant conduct a

preexamination search; (3) and a request including (i) a fee under 37 CFR 1.17(k); and (ii) A statement that the preexamination search was conducted. The statement also must indicate the field of the search and include an information disclosure statement in compliance with 37 CFR 1.98.

58. The form used for the request for expedited examination includes a line to list related applications, on which applications 14/652,819, 15/987,986, and PCT/US13/73861 were identified, but not US Provisional Application 61/739,604.

59. The IDS filed with the request for expedited examination did not identify the fastener illustrated in FIGS. 2 and 4 of US Provisional Application 61/739,604, which figures were identified in the drawings as PRIOR ART, and did not identify US 2008/0066266 A1 or its PCT counterpart, WO 2008/033667 A1 (collectively, the "Design Patent Uncited Art").

60. One or more of Mr. Hauptman, Mr. Butscher, Mr. Schmidbauer, Ernest W. Torain, Jr., Jay Saltzman, Erin Fox, Christopher Rauch, Maurice Finnegan, Jeffrey Walker, Michal Gawlik, Paul F. Donovan, and the inventor, Mr. Scroggie, failed to disclose to the examiner the fastener illustrated in FIGS. 2 and 4 of US Provisional Application 61/739,604 (which figures were identified in the drawings as PRIOR ART), US 2008/0066266 A1, or its PCT counterpart, WO 2008/033667 A1, during the prosecution of applications 14/652,819, 15/987,986, or 29/732,671.

61. In the absence of direct evidence of deceptive intent, the single reasonable inference for failure to disclose to the examiner reviewing the design patent application Mr. Scroggie's own earlier US 2008/0066266 A1, WO 2008/033667 A1, or the figures 2 and 4 designated as PRIOR ART in US Provisional Application 61/739,604, based on the facts and

circumstances that led to the filing, expedited examination, and issuance of the D'826 patent, is that there was an intent to deceive the examiner.

62.     At least Mr. Hauptman (as a result of his filing PCT/US2013/073861 (WO 2008/033667 A1)) and Mr. Scroggie (as a result of his being an inventor of US Patent Application 11/891,700 (US 2008/0066266 A1)) knew of the Design Patent Uncited Art.

63.     By filing a request for expedited examination, Mr. Schmidbauer should have made the searcher (used to conduct the preexamination search in support of the Request for Expedited Examination of a Design Application under 37 CFR 1.155) aware of Mr. Scroggie's earlier patent publication, or should have made a sufficient inquiry of ITW to see whether the inventors or anyone else associated with prosecution of any of the related applications were aware of any art that may be material to patentability.

64.     The drawings of US 2008/0066266 A1 or WO 2008/033667 A1 are material to the patentability of the design claimed in D'826, as the fastener shown is closer than any of the identified prior art considered by the examiner during prosecution of the design patent application, and but for the lack of disclosure of the reference, the design patent would not have been allowed.

65.     US 2008/0066266 A1, either alone or if combined with a reference that was disclosed in the April 27, 2020 information disclosure statement in design patent application 29/732,671, namely Benedetti US 8,561,265 (which reference was also identified in an IDS filed January 2, 2019 by Mr. Butscher in US Patent Application 15/987,986), would have resulted in the Examiner rejecting the claim of the design application as anticipated or obvious.

66.     ITW represented to the Court in the present action that "[Termax] argues that the meaning of this 'Prior Art' label is that everything shown in FIG. 2 (including the fastener

design) is prior art to the 'D826 patent. But Termax's interpretation is not only disputed, it is wrong." D.I. 36, at 7. This was a material misrepresentation, in view of ITW's knowledge that ITW's earlier US 2008/0066266 A1 illustrated essentially the same fastener design as was illustrated in FIGs. 2 and 4 of US Provisional Application 61/739,604.

67.     The failure to cite US 2008/006626 A1 render the claim of D'826 invalid and the failure to cite it to the examiner, and together with the other acts and omissions described in this Counterclaim, render the D'826 patent unenforceable.

68.     Under 28 U.S.C. §§ 2201 and 2202, and Title 35 of the United States Code, Termax is entitled to a declaratory judgment that the D'826 Patent is unenforceable.

69.     This is an exceptional case under 35 U.S.C. § 285 because ITW filed its Complaint with knowledge of the facts stated in this Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Termax respectfully requests that this Court order judgment in its favor on each and every Counterclaim set forth above, and award it relief including, but not limited to, the following:

(a)     Dismissal of all of ITW's claims against Termax with prejudice;

(b)     Entry of judgment declaring that the claims the '882 and D'826 patents are not infringed by Termax;

(c)     Entry of judgment declaring that the claims of the '882 and D'826 patents are invalid;

(d)     Entry of judgment declaring that the claims of the '882 and D'826 patents are unenforceable;

(e)     An injunction permanently enjoining ITW and its officers, agents, servants, attorneys, and all persons in active concert or participation with them, from bringing or threatening to bring any suit or charge against Termax relating to alleged infringement of the '882 and D'826 patents;

(f)     A declaration that this action is an exceptional case under 35 U.S.C. § 285 and an award to Termax of its attorneys' fees incurred in defending this action; and

(g)     Such other and further relief as this Court may deem just and proper under the circumstances.

## JURY DEMAND

Termax hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 16, 2021

Respectfully submitted,
*/s/ Raymond R. Ricordati, III*
Thomas L. Duston (Bar No. 6196612)
Jonathan C. Hughley (Bar No. 6306204)
Raymond R. Ricordati III (Bar No. 6278318)
Chelsea M. Murray (Bar No. 6333119)
**MARSHALL, GERSTEIN & BORUN LLP**
233 South Wacker Drive
6300 Willis Tower
Chicago, Illinois 60606-6357
Telephone: (312) 474-6300
Facsimile: (312) 474-0448
tduston@marshallip.com
jhughley@marshallip.com
rricordati@marshallip.com
cmurray@marshallip.com

*Attorneys for Defendant Termax LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on this 16th day of April, 2021, I caused

DEFENDANT'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO THE FIRST

AMENDED COMPLAINT FOR PATENT INFRINGEMENT to be filed electronically with

using the CM/ECF system which sent notification of such filing to all counsel of record.


By: */s/  Raymond R. Ricordati, III*
Raymond R. Ricordati III